UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| MAID-RITE SPECIALTY FOODS INC., <br><br> Plaintiff <br><br> v. <br><br> GLOBAL FOOD SOLUTIONS, INC., <br><br> Defendant. | CIVIL ACTION NO. 3:24-CV-01057 <br><br> (MEHALCHICK, J.) |

**MEMORANDUM**

On June 27, 2024, Plaintiff, Maid-Rite Specialty Foods Inc. ("Maid-Rite"), initiated this case by filing a complaint against Defendant, Global Food Solutions, Inc. ("Global Food"), alleging claims of breach of contract, promissory estoppel, and unjust enrichment. (Doc. 1). On September 27, 2024, Global Food filed a motion to dismiss. (Doc. 10). For the following reasons, Global Food's motion to dismiss will be **GRANTED in part** and **DENIED in part**. (Doc. 10).

I. **BACKGROUND AND PROCEDURAL HISTORY**

The following background is taken from Maid-Rite's complaint. (Doc. 1). Maid-Rite is a manufacturer of turkey sausage patties. (Doc. 1, ¶ 9). As of 2012, Maid-Rite sold its patties exclusively to Global Food. (Doc. 1, ¶¶ 8-9). The sales arrangement between Global Food and Maid-Rite involved a two-step process. (Doc. 1, ¶ 11). First, Global Food would submit a production purchase order ("PO") to Maid-Rite. (Doc. 1, ¶ 12). This document would "identif[y] the Order Date, the PO No., the Receive By Date, the requested item identification number and description, and the Rate Per Case and Overall Price of the PO." (Doc. 1, ¶ 12). Next, Global Food would send a shipment PO to Maid-Rite, which included shipping

instructions. (Doc. 1, ¶ 13). Following the production and shipment of the product, Maid-Rite would issue an invoice to Global Food that "included the cost of the product as agreed in the PO." (Doc. 1, ¶ 14).

The two POs at issue in this case are PO9566 and PO9578. The PO9566 order was delivered to Global Food on or about March 18, 2024. (Doc. 1, ¶ 29). After delivery, Global Food canceled PO9566 due to alleged "quality control issues." (Doc. 1, ¶¶ 29-30). Allegedly, Global Food conducted an in-house quality control test on PO9566 and found "excessive black specs and char marks" within 12 of the 24 cases it inspected. (Doc. 1, ¶ 34). Maid-Rite alleges that the marks were not unlike anything found in the product it had manufactured and delivered successfully to Global Food over the past decade. (Doc. 1, ¶ 37). Global Food did not pay for the PO9566 order but retained possession of the products. (Doc. 1, ¶¶ 30-31).

Thereafter, Global Food refused to take delivery or pay for the PO9578 shipment, citing the quality control issues with PO9566 shipment. (Doc. 1, ¶¶ 32-33). Maid-Rite alleges that due to Global Food's refusal to take the delivery or pay for PO9566 and PO9578 shipments, it has incurred "in excess of $116,017.90, plus interest, which will continue to grow due to cold storage costs of the product, as well as possible transportation and destruction costs." (Doc. 1, ¶ 46).

## II.   LEGAL STANDARD

Rule 12(b)(6) of the Federal Rules of Civil Procedure authorizes a defendant to move to dismiss for "failure to state a claim upon which relief can be granted." Fed. R. Civ. P. 12(b)(6). To assess the sufficiency of a complaint on a Rule 12(b)(6) motion, a court must first take note of the elements a plaintiff must plead to state a claim, then identify mere conclusions that are not entitled to the assumption of truth, and finally determine whether the complaint's

factual allegations, taken as true, could plausibly satisfy the elements of the legal claim. *Burtch v. Milberg Factors, Inc.*, 662 F.3d 212, 221 (3d Cir. 2011). In deciding a Rule 12(b)(6) motion, the court may consider the facts alleged on the face of the complaint, as well as "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice." *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007).

After recognizing the required elements that make up the legal claim, a court should "begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). The plaintiff must provide some factual ground for relief, which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "[T]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678. Thus, courts "need not credit a complaint's 'bald assertions' or 'legal conclusions'. . ." *Morse v. Lower Merion Sch. Dist.*, 132 F.3d 902, 906 (3d Cir. 1997) (*quoting In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1429-30 (3d Cir. 1997)). Nor need a court assume that a plaintiff can prove facts that the plaintiff has not alleged. *Associated Gen. Contractors of Cal. v. Cal. State Council of Carpenters*, 459 U.S. 519, 526 (1983).

A court must then determine whether the well-pleaded factual allegations give rise to a plausible claim for relief. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Palakovic v. Wetzel*, 854 F.3d 209, 219-20 (3d Cir. 2017) (*quoting Iqbal*, 556 U.S. at 678) (internal quotation marks omitted); *see also Sheridan v. NGK Metals Corp.*, 609 F.3d 239, 262 n.27 (3d Cir. 2010). The court must accept as true all allegations in the

3

complaint, and any reasonable inferences that can be drawn therefrom are to be construed in the light most favorable to the plaintiff. *Jordan v. Fox, Rothschild, O'Brien & Frankel*, 20 F.3d 1250, 1261 (3d Cir. 1994). This "presumption of truth attaches only to those allegations for which there is sufficient factual matter to render them plausible on their face." *Schuchardt v. President of the U.S.*, 839 F.3d 336, 347 (3d Cir. 2016) (internal quotation and citation omitted). The plausibility determination is context-specific and does not impose a heightened pleading requirement. *Schuchardt*, 839 F.3d at 347.

### III. DISCUSSION

#### A. BREACH OF CONTRACT

Global Food submits that Maid-Rite's breach of contract claim must be dismissed as "Maid-Rite has failed to cite or mention any Pennsylvania UCC provisions in its Complaint. As a result, [Maid-Rite]'s Complaint has failed to state a claim because its allegations cannot be tested against the statutory elements under the UCC."[1] (Doc. 11, at 5). The parties agree that the dispute over the sale of turkey patties is a sale of goods that is in the purview of the UCC. (Doc. 11, at 4-5; Doc. 12, at 9); *see Castle Co-Packers, LLC v. Busch Machinery, Inc.*, 687 F. Supp. 3d 659, 666 (W.D. Pa. 2023) ("Contracts for the sale of goods in Pennsylvania are governed by the Pennsylvania Uniform Commercial Code."); *see* 13 Pa. C.S.A. § 2201(a). Maid-Rite submits that failing to reference the UCC is not an adequate reason to dismiss its breach of contract claim because it has satisfactorily met "the pleading standards set forth in Federal [R]ules of Civil Procedure [Rule] 8 and applicable case law." (Doc. 12, at 9).

---

[1] Pennsylvania adopted the Uniform Commercial Code at 13 Pa. C.S.A. §§ 1101, et seq.

Unless displaced by the particular provisions of the UCC, the principles of law and equity, including the law merchant and the law relative to capacity to contract supplement the provisions of the UCC. 13 Pa. C.S.A. § 1103(b). "The Code displaces parallel common law claims (1) when it supplies a comprehensive remedy and (2) where 'reliance on the common law would thwart the purposes of the Code.'" *Environmental Equipment & Service Co. v. Wachovia Bank, N.A.*, 741 F. Supp. 2d 707, 712-13 (E.D. Pa. 2010) (*quoting New Jersey Bank, N.A. v. Bradford Sec. Operations, Inc.*, 690 F.2d 339, 346 (3d Cir. 1982). "A comprehensive remedy is one that would be rendered meaningless by allowance of common law claims." *Bucci v. Wachovia Bank, N.A.*, 591 F. Supp. 2d 773, 779 (E.D. Pa. 2008) (*citing New Jersey Bank, N.A.*, 690 F.2d at 346). The UCC provides a comprehensive framework for all aspects of contracts for the sale of goods, displacing common law breach of contract. *See Heyl v. Patterson, Inc. v. T.E. Ibberson Co.*, No. 2:14-cv-1299, 2014 WL 7338763, at *3 (W.D. Pa. Dec. 22, 2014). For the purposes of this motion, the movant must reference specific provisions of the UCC that it contends displaces the common law. *Bucci*, 591 F. Supp. 2d at 781. Global Food has met its burden by referencing specific provisions of the UCC that "it believes to supplant [Maid-Rite]'s common law claims." Specifically, Global Food cites 13 Pa.C.S. §§ 2201-2210, 2601-2616 as supplanting Maid-Rite's common law claims. (Doc. 11, at 5); *Bucci*, 591 F. Supp. 2d at 781.

Although Maid-Rite has pled the elements of a common law breach of contract claim, Maid-Rite's common law claim is supplanted by the UCC, and therefore its complaint should include the specific provisions of the UCC upon which it relies for its claim. As such, the motion to dismiss Maid-Rite's breach of contract claim is granted, and Maid-Rite will be

granted leave to amend this count to include reference to the UCC provisions upon which it relies.

      B.  PROMISSORY ESTOPPEL AND UNJUST ENRICHMENT

Global Food next argues that Maid-Rite's promissory estoppel and unjust enrichment claims should be dismissed because such claims are unavailable when a valid contract exists. (Doc. 11, at 6). Maid-Rite submits "that a plaintiff can plead claims in the alternative, and courts frequently allow related contract and quasi-contract claims to proceed past the motion to dismiss stage." (Doc. 12, at 12). While arguing that Global Food conceded that an enforceable contractual agreement exists, Maid-Rite maintains that without a stipulation as to the existence of a valid contract, the contract remains at issue, and therefore it should be permitted to plead alternative theories of relief. (Doc. 12, at 12-15).

Promissory estoppel is an equitable remedy traditionally used to enforce a promise in the absence of bargained-for consideration. *Bull Int'l, Inc. v. MTD Consumer Grp., Inc.*, 654 F. App'x 80, 100 (3d Cir. 2016). Promissory estoppel is appropriate where "(1) the promisor makes a promise that he reasonably expects to induce action or forbearance by the promisee, (2) the promise does induce action or forbearance by the promisee, (3) and injustice can only be avoided by enforcing the promise." *Carlson v. Arnot–Ogden Mem'l Hosp.*, 918 F.2d 411, 416 (3d Cir. 1990). Under Pennsylvania law, "an enforceable contract between two parties precludes relief for a claim of promissory estoppel." *ISObunkers, L.L.C. v. Easton Coach Co.*, 2010 WL 547518 *1, at *4 (E.D. Pa. Feb. 9, 2010); *see also Carlson*, 918 F.2d at 416 ("In light of our finding that the parties formed an enforceable contract, relief under a promissory estoppel claim is unwarranted.").

Unjust enrichment is "the retention of a benefit conferred by another, without offering compensation, in circumstances where compensation is reasonably expected, and for which the beneficiary must make restitution." *Roethlein v. Portnoff L. Assocs.*, Ltd., 81 A.3d 816, 825 n.8 (Pa. 2013). An unjust enrichment action is based in equity and is one "which sounds in quasi-contract or contract implied in law." *Seplow v. Closing Pro, Inc.*, 717 F. Supp. 3d 427, 434 (E.D. Pa. 2024) (*quoting* *Sevast v. Kakouras*, 915 A.2d 1147, 1153 n.7 (2007)). Quasi-contracts and contracts implied in law "'are not based on the apparent intention of the parties to undertake the performances in question, nor are they promises. They are obligations created by law for reasons of justice.'" *Seplow*, 717 F. Supp. 3d at 434 (*quoting* *Schott v. Westinghouse Elec. Corp.*, 259 A.2d 443, 449 (Pa. 1969)). Unjust enrichment claims may be pled as an alternative to a breach of contract claim. *Whitaker v. Herr Foods, Inc.*, 198 F. Supp. 3d 476, 492 (E.D. Pa. 2016); citing *Lugo v. Farmers Pride, Inc.*, 967 A.2d 963, 970 n. 5 (2009). When unjust enrichment is pled as an alternative to breach of contract, recovery is unavailable if a written or express contract exists. *Whitaker*, 198 F. Supp. 3d at 492-93. Plaintiffs may pursue alternative theories of recovery based on both breach of contract and unjust enrichment even when the existence of a valid contract would preclude recovery under unjust enrichment. *Atlantic Paper Box Co. v. Whitman's Chocolates*, 844 F. Supp. 1038, 1043 (E.D. Pa. 1994).

For these reasons, Global Food's motion to dismiss Maid-Rite's promissory estoppel and unjust enrichment claims is denied, without prejudice to Maid-Rite seeking dismissal of these claims if the parties reach a stipulation as to the existence of a valid contract.

## IV.     LEAVE TO AMEND

The Third Circuit has instructed that if a complaint is vulnerable to dismissal for failure to state a claim, the district court must permit a curative amendment, unless an amendment

would be inequitable or futile. *Grayson v. Mayview State Hosp.*, 293 F.3d 103, 108 (2002). Further, "[a] district court has 'substantial leeway in deciding whether to grant leave to amend.'" *In re Avandia Mktg., Sales Practices & Products Liab. Litig.*, 564 F. App'x 672, 673 (3d Cir. 2014) (not precedential) (*quoting Lake v. Arnold*, 232 F.3d 360, 373 (3d Cir. 2000)). Maid-Rite will be granted leave to file an amended complaint to cure the deficiencies detailed in this Memorandum.

V.     CONCLUSION

For the foregoing reasons, Global Food's motion to dismiss is **GRANTED in part** and **DENIED in part**. (Doc. 10). Global Food's motion is **GRANTED** as to Count I of Maid-Rite's complaint, and this claim is thus **DISMISSED without prejudice**. (Doc. 1; Doc. 10). Global Food's motion is **DENIED** as to Count II and Count III of Maid-Rite's complaint. (Doc. 10). Maid-Rite is granted leave to file an amended complaint within 21 days, on or before **February 4, 2025**.

An appropriate Order follows.

Dated: January 21, 2025                                    *s/ Karoline Mehalchick*
                                                          **KAROLINE MEHALCHICK**
                                                          **United States District Judge**